IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DR. SAMUEL L. McNAIR                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:12-CV-00070-GHD-SAA

STATE OF MISSISSIPPI; BOARD OF TRUSTEES
OF STATE OF MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING; MISSISSIPPI VALLEY STATE
UNIVERSITY; DR. DONNA H. OLIVER, in Her Official
Capacity as President and Chief Executive Officer of Mississippi
Valley State University; and FRANK SOWELL, in His Official
Capacity as Director of Human Resources for MVSU                    DEFENDANTS

## MEMORANDUM OPINION GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendants' motion for summary judgment [8]. Upon due consideration, the Court finds the motion is well taken and should be granted.

*A. Factual and Procedural Background*

On July 26, 2012, Plaintiff Dr. Samuel L. McNair ("Plaintiff"), then a tenured professor at Mississippi Valley State University ("MVSU"), filed this declaratory judgment action against Defendants in the Chancery Court of LeFlore County, Mississippi. Plaintiff alleges that the dean of the College of Education recommended termination of his employment as a tenured faculty member at MVSU. The parties agree that Plaintiff was informed by letter that he could bring an advisor with him to the pre-termination hearing,[1] but that the attorney could not present evidence or examine witnesses at the hearing. Plaintiff alleges that he was also informed that the attorney would not be permitted to speak on Plaintiff's behalf at the hearing.

---

[1] Although in his complaint Plaintiff refers to the hearing as a "post-termination hearing," it is clear to the Court that the hearing he refers to is properly called a "pre-termination hearing." Throughout Plaintiff's complaint, he refers to the hearing set for July 27, 2012, which was a pre-termination hearing.

Plaintiff claims that not allowing an attorney to speak on his behalf, present evidence, or examine witnesses at the pre-termination hearing is a violation of his constitutional due process rights. He requests that the Court enter a declaratory judgment that the policies and bylaws of the Institutions of Higher Learning and the MVSU handbook both afford him a right to have his attorney fully participate at the hearing. Plaintiff also requests a mandatory injunction compelling Defendants to conduct the hearing as declared by the Court.

One day after Plaintiff filed the state-court complaint, Defendants removed the case to this Court on the basis of federal question jurisdiction due to Plaintiff's constitutional violation claim. That same day, the pre-termination hearing took place. Subsequently, Defendants answered the complaint and filed the motion for summary judgment that is presently before this Court. Plaintiff has not filed a response to the motion, despite being granted an extension of time to do so by Order [11] of United States Magistrate Judge S. Allan Alexander.

*B. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

"When the defendant moves for summary judgment because of lack of standing, . . . the plaintiff must submit affidavits and comparable evidence that indicate that a genuine issue of fact exists on the standing issue." *Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 879, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)).

*C. Analysis and Discussion*

Defendants contend that summary judgment is appropriate because Plaintiff's case is moot: On July 26, 2012, Plaintiff filed his complaint wherein the sole issue raised was an alleged constitutional due process violation if his attorney was not allowed to fully participate in the scheduled pre-termination hearing; on July 27, 2012, Defendants removed the case to this Court; and on July 27, 2012, that same day, the pre-termination hearing also took place. Consequently, Defendants contend that the case is moot, the Plaintiff lacks standing, and this Court lacks subject matter jurisdiction under Article III of the United States Constitution. Defendants further contend that Plaintiff cannot rely on an exception to the mootness doctrine to sustain his case, because the scenario is not likely to be repeated, nor is it likely to evade judicial review. Defendants maintain that any judgment in this matter would be merely an advisory opinion over

which the Court does not have jurisdiction. Defendants further maintain that Defendants are entitled to summary judgment on the merits of the case because Plaintiff's claim of a right to have his attorney participate in the pre-termination hearing fails as a matter of law. As stated above, Plaintiff has not filed a response to the motion for summary judgment.

The Court finds that Plaintiff lacks standing, as the case is moot. Thus, the Court must dismiss the case on the basis of lack of subject matter jurisdiction. "The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006). "In order for a plaintiff to have sufficient standing under Article III, that plaintiff must show that: he has suffered or will suffer an injury, his injury is traceable to the defendant's conduct, and a favorable federal court decision will likely redress the injury." *Samnorwood Indep. Sch. Dist. v. Tex. Educ. Ag.*, 533 F.3d 258, 264–65 (5th Cir. 2008) (citing *Bennett v. Spear*, 520 U.S. 154, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (footnote omitted)). Federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" or give "opinion[s] advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (per curiam) (internal quotation marks omitted)). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). "[I]t is not enough that a dispute was very much alive when suit was filed"; the parties must "continue to have a 'personal stake' " in the ultimate disposition of the lawsuit. *Id.* at 477–78, 110 S. Ct. 1249 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (some internal quotation marks omitted)). The Court finds that this case does not present an actual injury likely to be redressed by a

favorable judicial decision, as Plaintiff seeks a declaratory judgment that would affect the procedure of a particular pre-termination hearing that has already been held. Because there is no "case" or "controversy" under Article III, the case is moot, and this Court does not have subject matter jurisdiction over the case unless an exception to mootness applies.

Disputes that are "capable of repetition, yet evading review" are exceptions to the mootness doctrine. *Weinstein v. Bradford*, 423 U.S. 147, 148–49, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975) (per curiam). This exception applies only where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (internal quotation marks omitted). Even if Plaintiff could satisfy the first requirement, he cannot satisfy the second requirement. He does not have a reasonable expectation that he will be subject to similar conditions in another pre-termination hearing. The capable-of-repetition exception to mootness thus does not apply, and this Court lacks the authority under Article III to decide this case on the merits.

## D. Conclusion

ACCORDINGLY, the Court finds that Defendants' motion for summary judgment [8] shall be GRANTED, as the Court does not have subject matter jurisdiction over this case. Accordingly, this case shall be DISMISSED for lack of subject matter jurisdiction.

A separate order in accordance with this opinion shall issue this day.

THIS, the 2nd day of July, 2013.

_____
SENIOR JUDGE